# Van Kirk, Appellant, *v.* Jackson.

*Wills—Construction—Devise—Fee simple.*
1. Where a devise is of a fee absolute in the first sentence of a will, and the gift is immediate, words of survivorship subsequently used will refer to the death of the testator as the time at which the survivorship will be determined unless it clearly appears from the context, or from attending circumstances, that testator intended to refer to another time after his death.
2. Where a testatrix gives her estate to her husband for life, and, after a legacy to a granddaughter, gives the balance to her son after the death of her husband, and then directs that if the son survives the granddaughter, the estate is given to him, if the granddaughter survives the son, she is to take, if both die before testatrix, the estate is to be divided among named relatives, and it appears that the husband died in the lifetime of the testatrix, and the son and granddaughter survive her, the son takes an estate in fee simple.

Submitted October 2, 1925. Appeal, No. 131, March T., 1925, by plaintiff, from judgment of Superior Court, April T., 1925, No. 200, sustaining judgment of Allegheny Co., Jan. T., 1924, No. 2386, for defendant, on

case stated, in suit of Lawrence Van Kirk v. Porter R. Jackson. Before MOSCHZISKER, C. J., FRAZER, WALL-ING, KEPHART and SCHAFFER, JJ. Affirmed.

Appeal from Superior Court.
The opinion of the Supreme Court states the facts.
Judgment affirmed. Plaintiff appealed.

*Error assigned* was, inter alia, judgment of Superior Court, which was as follows: "The six judges who heard the argument of this appeal are equally divided in their opinion, and the judgment is accordingly affirmed."

*Miles H. Jones,* for appellant.—Testatrix did not devise to her son, under the sixth clause in her will, an estate in fee simple; he took an estate in fee simple only in case he outlived the granddaughter: Tyson's Est., 191 Pa. 218; Boise's Est., 177 Pa. 190; Sheets' Est., 52 Pa. 257.

*Warren H. Van Kirk,* for appellee.—Testatrix under the sixth clause of her will devised to her son an absolute and unconditional estate in fee simple: Snively v. Stover, 78 Pa. 484; McCormick v. McElligot, 127 Pa. 230; Yost v. McKee, 179 Pa. 381.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, November 23, 1925:

The question involved in this case concerns the extent of the interest of Porter R. Jackson, defendant, in a certain piece of real estate which passed under the will of his mother Lydia P. Jackson, deceased. The court below decided that he was the owner in fee; whereas appellant contends it should have been determined that defendant's estate in the land in controversy was subject to an interest of decedent's granddaughter, Marjorie Jackson, and that, if Porter R. Jackson should die be-

fore Marjorie Jackson, his estate would be defeated by her survivorship.

After directing payment of her debts, and the erection of a gravestone, testatrix provided a life estate for her husband; then, by the fourth item of her will, she bequeathed $5,000 (increased by a subsequent provision to $6,000) to her granddaughter Marjorie, and, by the next item, she made further provision for this granddaughter. Finally, by the sixth item, being the one here in question, testatrix provided as follows: "I do hereby give......to my son, Porter, the balance of my estate, payable after the death of my husband. Should my son survive my granddaughter [Marjorie], I do hereby give......to him my......estate......Should my granddaughter survive my son, I do hereby give......to her my...... estate......In the event that both my son and my granddaughter die before me, and my son without issue, I· do hereby give and bequeath [to others my entire estate]."

Testatrix's husband died prior to her own decease; her son and granddaughter survived testatrix and are still alive.

The court below (Common Pleas of Allegheny County) well states: "The beneficiaries of the bounty of Lydia P. Jackson......were her husband......, her son and her granddaughter......Having provided for the granddaughter, the testatrix......gave the balance of [her] estate to the son......subject only to a life estate......in the husband, [and], the husband having died in the lifetime of the testatrix, the estate given the son was in fee, unless the subsequent language of the clause shows that the intention of the testatrix was to give a less......estate." We further approve of the conclusion that there is "nothing in the will which exempts it from the operation of the rule that, when a devise is of a fee absolute in the first sentence and the gift is immediate, words of survivorship will refer to the death of the testator as the time at which the survivorship will be determined, unless it clearly appears

from the context, or from surrounding circumstances, that testator intended to refer to another time after [his] death......The second and following sentences of the sixth clause [of the present will] refer to survivorship. If the son survives the granddaughter, the estate is given [to] him; if the granddaughter survives the son, she is to take......; if both die before [testatrix] the estate is divided between named relatives. It seems clear that [testatrix]......refers to death of the son [and] granddaughter, or the death of both, in [her own] lifetime. ......The contingency of the death of either or both in her lifetime occurred to testatrix; hence the alternative devise to the survivor and to the other named relatives. This view is strengthened by the opening phrase of the third sentence, reading, 'In the event that both my son and granddaughter die before me.' " The son, Porter R. Jackson, having survived testatrix and her husband, we agree with the court below that he took "an absolute estate in fee simple in the property devised to him in the sixth clause" of her will, with power to convey "a good title in fee, clear of all encumbrance."

The assignments of error are overruled and the judgment is affirmed.